State, ex rel. City of O'Neill, v. Kelly.

---

STATE, EX REL. CITY OF O'NEILL, APPELLEE, V. JAMES J. KELLY ET AL., APPELLANTS.

FILED OCTOBER 4, 1922. No. 22679.

Highways: ROAD FUND: DISTRIBUTION. Cities of the second class are road districts within the meaning of section 2795, Comp. St. 1922, and as such are entitled to have expended within their corporate limits for the purposes prescribed in the statute one-half of all moneys arising from township road taxes upon property situate within their corporate limits.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*J. A. Donohoe,* for appellants.

*W. J. Hammond, contra.*

Heard before MORRISSEY, C. J., ALDRICH, LETTON, ROSE, DAY, and FLANSBURG, JJ.

DAY, J.

This is a mandamus action brought by the city of O'Neill, relator, against James J. Kelly *et al.*, constituting the members of the town board of the town of Grattan, respondents, to require them to expend for the purposes provided by statute within the corporate limits of relator city one-half of all moneys collected for road purposes for the year 1920 on property situate within the corporate limits of said city. The trial resulted in a judgment in favor of the relator, from which respondents appeal.

The record shows that the county of Holt is under town-

114          NEBRASKA REPORTS.          [VOL. 109

State, ex rel. City of O'Neill, v. Kelly.

ship organization; that the town of Grattan is one of the duly organized towns within said county; that the respondents constitute the town board of the town of Grattan; that the city of O'Neill is a duly incorporated city of the second class, and lies wholly within the corporate limits of the town of Grattan. It further appears that in the year 1920 the electors of the town of Grattan at an annual meeting voted to levy a tax for road purposes upon all taxable property situate within the limits of said town; that the action of the electors was certified to the board of supervisors of the county, and a levy was made by said board in accordance with the resolution adopted by the electors at their annual town meeting; that the taxes were duly levied and collected on property situate within the corporate limits of relator city; that the relator has demanded of the respondents that they expend for the purposes prescribed by statute within the corporate limits of relator city one-half of all taxes collected under such levy on property within the corporate limits of said city, but respondents have refused to do so. It further appears that the taxes paid for said purpose on property within the corporate limits of relator city constitute four-fifths of all the moneys received under such levy; and that no part of said moneys has been expended by respondents within the corporate limits of relator city.

By way of defense the respondents claim that the relator city is not a road district within the meaning of the law, and is, therefore, not entitled to have expended within its corporate limits any part of the taxes collected; and that they have no jurisdiction or authority to enter upon the streets, alleys or public grounds to make repairs or improvements thereon.

The question here presented calls for a construction of section 2795, Comp. St. 1922. Without setting out at length this section of the statute, the parts thereof applicable to the present case provide in substance that in counties under township organization the township road tax shall be paid in cash; that all moneys paid into the

town treasury from the several road districts in discharge of the road tax, and all moneys paid into the treasury in discharge of labor tax, shall constitute a town road fund which shall be at the disposal of the town board, and shall be used by the road overseers under the general direction of the township board for the benefit of the road districts of the town; "provided one-half of all moneys paid into the town treasury from the several road districts in discharge of road and labor taxes shall constitute a district road fund and shall be expended by the town board in the road district from which it was collected, for the following purposes: First. For the construction and repair of bridges and culverts. * * * Second. For payment of wages of overseers, and for such tools for the use of the overseers as the township board may deem necessary. Third. For work and repair on roads."

The first question presented is whether the relator city is a road district within the meaning of section 2795, Comp. St. 1922. We think this question must be answered in the affirmative upon the authority of our prior decisions. In *Libby v. State*, 59 Neb. 264, the court had before it for construction section 76 of the road law (Comp. St. 1899, ch. 78). That section provided in substance that one-half of all of the moneys paid into the county treasury from the several road districts in discharge of the road tax constituted a county road fund which was at the disposal of the county commissioners; the other half of the moneys paid from the several road districts was to be expended by the county commissioners in the road district from which it was collected for purposes prescribed in the statute. It was held that incorporated municipalities are road districts, and as such, except as otherwise provided, are entitled to one-half of the moneys arising from the road tax levied by the county commissioners upon the property situate within their limits. A similar question was again before the court in *City of Chadron v. Dawes County*, 82 Neb. 614, and it was held that cities of the second class are road districts. The language with re-

spect to the division of the taxes collected among the road districts in the section of the statute the court was considering in the two cases above cited, and the section now under consideration, is substantially the same. We therefore hold that cities of the second class are road districts within the meaning of section 2795, Comp. St. 1922, and as such are entitled to have expended within their corporate limits for the purposes prescribed in the statute one-half of all moneys arising from township road taxes upon property situate within their corporate limits.

The objection by the respondents that they have no jurisdiction or right to enter upon the streets of the relator and do work thereon is, as applied to the present case, more theoretical than real. Here the relator is not only making no objection, but on the contrary is in court to compel the respondents to enter upon their streets and expend its proportion of the fund in the manner provided by the statute.

No substantial reason appearing in the record why the respondents should not comply with the language of the statute, the judgment of the district court is

AFFIRMED.